```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

JASMINKA COOMBS,                )
                                )
          Plaintiff,             )
                                )
     v.                          )     No.  11 C 5804
                                )
DAHN YOGA & HEALTH CENTERS,     )
INC., et al.,                    )
                                )
          Defendants.           )
```

## MEMORANDUM OPINION AND ORDER

Dahn Yoga & Health Centers, Inc. (this opinion will adhere to counsel's "Dahn Yoga" usage as a convenient abbreviation) has filed a Notice of Removal ("Notice"), seeking to invoke the diversity of citizenship branch of federal subject matter jurisdiction to bring this action here from the Circuit Court of Cook County. But because that effort by Dahn Yoga's counsel is impermissibly flawed by its failure to have carried the burden of establishing such jurisdiction, this sua sponte opinion orders the case remanded to its place of origin.

Notice at 2 begins its discussion of the diversity issue by properly (1) stating Dahn Yoga's belief that plaintiff Jasminka Coombs is an Illinois citizen and (2) identifying both facets of Dahn Yoga's dual citizenship under 28 U.S.C. §1332(c)(1)[1] as Arizona-based, for that is both its state of incorporation and the location of its principal place of business. Notice at ¶3

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

goes on to state Dahn Yoga's information and belief that codefendant BR Consulting, Inc. ("BR Consulting") shares those same corporate attributes, so that it too is a citizen of Arizona alone.[2]

But as to the third defendant, Ellenville Real Estate, LLC d/b/a Honor's Haven Resort & Spa ("Ellenville"), the Notice speaks only to Delaware as its place of incorporation and Arizona as the location of its principal place of business. Both of those factors are jurisdictionally irrelevant when a limited liability company is involved. Counsel's assertions on that score ignore more than a dozen years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by Thomas v. Guardsmark, LLC, 487 F.3d 531, 533-34 (7th Cir. 2007)). And that teaching has of course been echoed many times over by this Court and its colleagues.

For a good many years this Court was content simply to identify such failures to lawyers in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte"

---

[2] Nothing is said in the Notice about BR Consulting's joinder in or consent to removal, something that would be necessary under the teaching of such cases as McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998) and other cases cited there if BR Consulting had also been served with process by the time of removal--also a subject not even referred to in the Notice. But because that possible defect is nonjurisdictional, it will be mentioned here only in passing.

(Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). But there is really no excuse for Dahn Yoga's counsel's lack of knowledge of such a firmly established principle after well over a full decade's repetition by our Court of Appeals and others.

As stated earlier, it is the affirmative obligation of any party seeking access to the federal courts to establish subject matter jurisdiction. If that is not done in a case initiated in the district court, the result is dismissal (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)). Where as here the case has instead been imported via removal, the appropriate corresponding remedy is a remand pursuant to Section 1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

Accordingly this Court so orders. For that purpose the Clerk is ordered to mail the certified copy of the order of remand to the Clerk of the Circuit Court of Cook County forthwith.[3]

_____
Milton I. Shadur
Senior United States District Judge

Date: August 24, 2011

---

[3] This opinion moots Dahn Yoga's contemplated motion to dismiss, a courtesy copy of which has just been delivered to this Court's chambers.